IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STANLEY LEON WADDELL,**

    **Petitioner,**

v.                                                  **Civil Action No. 1:18cv218**
                                                            **(Judge Kleeh)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On December 10, 2018, the *pro se* Petitioner, Stanley Leon Waddell, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed as a pauper and an incomplete Prisoner Trust Account Report ("PTAR") without its attached Ledger Sheets. ECF Nos. 1, 2, 3. The Clerk of Court issued a deficiency notice, directing Petitioner to file a completed copy of his PTAR with its Ledger Sheets. ECF 4.

Pursuant to the deficiency notice, on December 18, 2018, Petitioner filed a copy of his PTAR and Ledger Sheets. ECF No. 7. By Order entered December 19, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the $5.00 filing fee. ECF No. 8. On January 17, 2019, Petitioner paid the requisite fee. ECF No. 10.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on July 19, 2019. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited July 22, 2019). Petitioner has not updated the Court with his new address.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On December 5, 2005, in the United States District Court for the Middle District of North Carolina, Petitioner pled guilty to one count of Possession with Intent to Distribute Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). On April 26, 2006, the district court sentenced Petitioner to a 190-month term of imprisonment, and a five-year term of supervised release. ECF No. 15.

Petitioner appealed. ECF No. 16. After counsel filed an Anders[3] brief on his behalf, Petitioner filed a *pro se* brief, challenging his career offender sentence and arguing that: (1) the court should have granted a downward departure from the calculated sentencing range on the basis of mental and emotional conditions caused by his drug addiction; and (2) his sentence was unconstitutional because the prior convictions used to enhance his sentence were not charged in the indictment, admitted, or proved to a jury beyond a reasonable doubt. On January 22, 2007, the Fourth Circuit affirmed the district court's decision. ECF No. 25.

On April 2, 2008, Petitioner filed an 18 U.S.C. § 3582 Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. ECF No. 27. Petitioner filed a Notice of withdrawal of the motion on December 2, 2009. ECF No. 40.

On May 23, 2008, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, contending (1) that the government breached the plea agreement; (2) trial and appellate counsel were ineffective; (3) and challenging the inclusion in his PreSentence Investigation Report ("PSR") of

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the Middle District of North Carolina, No. 1:05cr347, available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

[3] Anders v. California, 386 U.S. 738 (1967).

a wrongful two-point enhancement for a gun charge that was later dismissed.  ECF No. 29. After the government filed its response, on October 16, 2008, the magistrate judge recommended that the § 2255 motion be denied as time-barred. ECF No. 36.  By Order entered August 19, 2011, Petitioner's § 2255 motion was denied.  ECF No. 55. Petitioner appealed.  On February 14, 2012, the Fourth Circuit dismissed the appeal. ECF No. 62.

On February 9, 2010, Petitioner filed an 18 U.S.C. § 3582 Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses.  ECF No. 41.  The motion was denied on February 28, 2011. ECF No. 47. Petitioner appealed.  ECF No. 48. By unpublished *per curiam* opinion entered on June 21, 2011, the Fourth Circuit affirmed the decision of the district court.  ECF No. 52.

On May 22, 2012, Petitioner filed a second Motion to Vacate under 28 U.S.C. § 2255. ECF No. 66. He later filed an amended motion and a supplement. ECF Nos. 85, 94.  Petitioner's claims primarily contested his career offender sentence, arguing that his prior state predicate convictions were not punishable by more than one year of imprisonment, as was now required by United States v. Simmons.[4]  The motion also sought relief under the First Step Act of 2010 ("FSA") which reduced the sentencing disparity between crack cocaine and cocaine hydrochloride, and attempted to renew a previous § 3582 motion for sentence reduction. On July 13, 2015, the magistrate judge recommended that the § 2255 motion be denied. ECF No.  95. By Order entered September 24, 2015, the magistrate judge's recommendation was adopted and Petitioner's second § 2255 motion was dismissed and a certificate of appealability denied. ECF No. 101.  Petitioner appealed. ECF No. 103.  By unpublished *per curiam* opinion issued on March 22, 2016, the Fourth Circuit Court of Appeals dismissed the appeal. ECF No. 106.  Petitioner moved for rehearing *en banc*.  (4th Cir.

---

[4] United States v. Simmons, 649 F. 3d 237 (4th Cir. 2011)(*en banc*).

ECF No. 11) (15-7758). On May 24, 2016, the Fourth Circuit denied Petitioner's motion. (4th Cir. ECF No. 14) (15-7758).

On April 29, 2016, Petitioner moved in the Fourth Circuit Court of Appeals for authorization to file a successive § 2255 application, arguing that under the Supreme Court's decision in Johnson v. United States,[5] his predicate North Carolina conviction for breaking and entering no longer qualified. (4th Cir. ECF No. 1) (16-486). By Order entered May 18, 2016, the Fourth Circuit denied the motion. ECF No. 109.

On June 20, 2016, Petitioner moved again in the Fourth Circuit Court of Appeals for authorization to file a successive § 2255 application based on the Supreme Court's decision in Johnson. (4th Cir. ECF No. 1) (16-9387). It was denied on July 6, 2016. (4th Cir. ECF No. 5) (16-9387).

On August 19, 2016, Petitioner moved again in the Fourth Circuit Court of Appeals for authorization to file a successive § 2255 application based on the Supreme Court's decisions in Johnson v. United States, and Welch.[6] (4th Cir. ECF No. 1) (16-9387). By Order entered September 13, 2016, the Fourth Circuit granted the authorization. (4th Cir. No. 5-1) (16-9387). That same day, Petitioner's third motion to vacate under 28 U.S.C. § 2255 was filed in district court. ECF No. 114. In it, Petitioner argued he was entitled to a sentence reduction under Johnson, Welch, and Mathis.[7] Id. at 4. By Order entered October 19, 2016, the case was stayed, pending the decision of the Supreme Court in Beckles v. United States.[8] On November 8, 2016, Petitioner

---

[5] Johnson v. United States, 135 S. Ct. 2551 (2015) (declaring the residual clause of the Armed Career Criminal Act unconstitutionally vague).

[6] Welch v. United States, 136 S.Ct. 1257 (2016) (holding that Johnson applied retroactively on collateral review).

[7] Mathis v. United States, No. 15-6092 (June 23, 2016).

[8] Beckles v. United States, 137 S.Ct. 886 (2017).

moved for judicial review and emergency relief. ECF No. 115. By Order and Recommendation, issued June 26, 2017, the magistrate judge recommended that both motions be summarily dismissed, because Beckles held that the advisory United States Sentencing Guidelines ("U.S.S.G."), specifically, the career offender guidelines, were not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e) and given that Beckles had been decided and the stay lifted, like Beckles, Petitioner was not entitled to relief from his career offender sentence under Johnson. ECF No. 116. By Order entered December 4, 2017, Petitioner's third motion to vacate was denied and dismissed, and a certificate of appealability was denied. ECF No. 120.

On February 28, 2019 in the sentencing court, Petitioner filed a Motion to Reduce Sentence under the First Step Act ("FSA") of 2018. ECF No. 122. The motion was construed as a § 2255 motion to vacate sentence and referred for screening as Civil Case No. 1:19cv234. As of the date of entry of this Report and Recommendation, that motion is still pending.

A. **The Petition**

In his petition, Waddell contends that pursuant to the Supreme Court's holding in Sessions v. Dimaya,[9] the predicate convictions for his career offender enhanced sentence no longer qualify, rendering his continued incarceration illegal. ECF No. 1 at 5, see also ECF No. 1-1 at 2, 6. Petitioner also claims he is entitled to relief under Simmons, *supra*. ECF No. 1-1 at 7.

As relief, he asks this Court to grant his immediate release. Id. at 11 – 12.

Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention, because relief under Dimaya was not previously available. Id. at 1, 6 – 7.

---

[9] Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

### III. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner seeks to have his sentence vacated. However, on July 19, 2019, Petitioner completed serving his sentence and was released from the Bureau of Prisons' ("BOP") custody.[10]  Because Petitioner's release from BOP custody has mooted his claims, there is no further relief which this Court can grant, and this case should be dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant

---

[10]   See the BOP's inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited July 22, 2019).


to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of** *de novo* **review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: August 20, 2019

/s/ *Michael John Aloi*

                                              MICHAEL JOHN ALOI  
                                              UNITED STATES MAGISTRATE JUDGE